UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**KANTON PRYOR,**  CASE NO.:

    **Plaintiff,**

vs.

**GLORY HEALTHCARE SERVICES, LLC, AND BOLANLE SALAM, INDIVIDUALLY,**

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KANTON PRYOR, by and through the undersigned attorney, sues the Defendants, GLORY HEALTHCARE SERVICES, LLC, and BOLANLE SALAM, Individually, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff is currently employed by Defendants and has worked for

1

Defendants since July 2016.

3. Plaintiff works for Defendants as a home health aide.

4. At all times, Plaintiff was paid by the hour by Defendants.

5. Defendants, GLORY HEALTHCARE SERVICES, LLC, provides in-home one-on-one care throughout Georgia. *See* https://www.gloryhealthcs.com/.

6. Defendant's headquarters and principal place of business is in Loganville, Georgia, and within the jurisdiction of this Court.

7. At all times relevant to this action, BOLANLE SALAM was an individual resident of the State of Georgia, who owned and operated GLORY HEALTHCARE SERVICES, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of GLORY HEALTHCARE SERVICES, LLC.  By virtue of having regularly exercised that authority on behalf of GLORY HEALTHCARE SERVICES, LLC, BOLANLE SALAM is an employer as defined by 29 U.S.C. § 201, et seq.

8. This action is brought under the FLSA to recover from Defendants unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

10. During Plaintiff's employment with Defendants, Defendant, GLORY HEALTHCARE SERVICES, LLC, earned more than $500,000.00 per year in gross sales.

11. During Plaintiff's employment with Defendants, Defendant, GLORY HEALTHCARE SERVICES, LLC, employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce, including computers, vehicles, office equipment, telephones, doors, supplies, and other items.

12. Defendant, GLORY HEALTHCARE SERVICES, LLC was an enterprise under the FLSA.

## FLSA VIOLATIONS

13. At all times relevant to this action, Defendants have failed to comply with the FLSA by failing to pay Plaintiff complete overtime compensation.

14. During his employment with Defendants, Plaintiff routinely worked overtime hours but was not paid complete overtime for all hours worked.

15. Plaintiff's duties as a home health aide include bathing, dressing, preparing meals, feeding, removing trash, cleaning and giving his client her medication.

16. Plaintiff's client is his mother who was working for the United States postal service at the time of her injury which left her disabled and unable to care for herself.

17. Plaintiff's mother is covered by workers compensation and Plaintiff was hired by Defendants to be her home health aide.

18. Plaintiff routinely works over 40 (forty) hours a week, but is only paid at a straight time rate of $10 an hour for all hours worked.

19. During his employment, Plaintiff was not paid complete overtime compensation for all overtime hours he worked.

20. Defendants have violated the FLSA by failing to pay Plaintiff time and one-half of his hourly rate for all overtime hours worked.

21. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff is in the possession and custody of Defendants.

## COUNT I – RECOVERY OF OVERTIME WAGES

22. Plaintiff reincorporates and readopts all allegations contained in paragraphs (1) through (21) above.

23. Plaintiff was entitled to be paid overtime compensation for overtime hours worked.

24. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half of his hourly rate for all overtime hours worked.

25. Defendants did not have a good faith basis for their decision to not pay Plaintiff complete and proper overtime compensation for all overtime hours worked.

26. Because of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff proper compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

27. Because of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

28. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, KANTON PRYOR, demands judgment against Defendants for unpaid overtime wages, liquidated damages,

reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 11th day of October, 2021.

                    **/s/ C. RYAN MORGAN**
                    C. Ryan Morgan, Esq.
                    Georgia Bar No. 711884
                    Morgan & Morgan, P.A.
                    20 N. Orange Ave., 15th Floor
                    Orlando, FL 32802-4979
                    T: (407) 420-1414
                    F: (407) 245-3401
                    E: RMorgan@forthepeople.com
                    ***Attorneys for Plaintiff***